May it please the court, Mr. Lawson requests that the court set aside the entire judgment of the veterans court and demand the appeal. The law has changed. There are new rules and new regulations. Bring us up to date on what's happened. In this particular case, your honor, since well as because the as I observed the new rules, the VA said that the claim should be refiled and that it was straightforward. Has that happened? I'm not aware of a claim has been refiled. I don't know that there is a need for Mr. Lawson to approve it. I'm not aware. Does that mean it hasn't been refiled? I don't know that it has or has not been refiled as a supplemental claim at the agency level. Doesn't that make an enormous difference if it's automatic? It appears at least whatever the guidelines are, as if it might automatically be granted if refiled and yet you're asking us to decide the merits? I don't know that it would be automatically decided because currently the secretary has put a stay. We don't know if it hasn't been attempted. And didn't those guidelines come out a while ago? I don't know the data. I'll ask the VA. My understanding, your honor, is that the stay is still in place and that the board and the agency are not deciding Bluewater Navy cases as a result of the Procopio decision until they've developed the guidelines and release them. I'm not aware of any cases that have been recently decided beyond the Veterans Court remanding cases to the board to address that issue, as should have happened had that been the law at the time of this case when it was at the court. If he doesn't meet the definition of Bluewater, and from your briefs, it looked as if it was clear that he was in the territorial waters, then you're asking, it seems to me, the question is what happens in this period between the act of Congress and the effective date set by Congress? And that's an issue that needs to be or might need to be resolved if there are no regulations. I'm not sure. Respectfully, your honor, I'm not sure I understand your point. I apologize. I'm not following. All right. Tell us what you think you need to tell us. Well, I think, your honor, that the court must remand the current issue. If this was the law of the case at the time of the Veterans Court decision, it certainly would have remanded. And certainly, because there's been a change in law and because that old decision in the board in 2015 relied on the old law, and third, because the facts of this case compel a different decision or a different outcome under the new law in Procopio, a remand is appropriate for the board to address that issue. As facts go, your client was a carrier sailor on a vessel that was in the territorial waters. That's uncontested, isn't it? To my understanding, it is not reasonably disputed that he was in the territorial waters of the Republic of Vietnam, either on the Hancock or the Bon Ami Reshark. And I don't know that there's any reasonable dispute. Even if there was a reasonable dispute on remand, Mr. Lawson's first action at the board would be to request the very records that he's complaining of not receiving here so that he could establish the presence in the territorial waters. So that remand would moot the issues currently before this court. And the court would be able to decide or postpone the decision on that issue should it survive on remand. The law of the case doctrine certainly, as this court found in Dow Chemical v. Nova, the court has never applied the law of the case doctrine in a case where there's been a substantive change in the law. And so the only action the court can take at this point is to remand. I don't know that this case is affected by the legislation because it was directly affected by Procopio. I'm not sure whether or not it is affected by the legislation because it's clearly affected by the decision in Procopio. Well, both you, Mr. Ryan, both you and the party's sort of supplemental submission that we received, you suggest a remand and I think the government also suggests a remand as one of the possible options. Yes, Your Honor, we believe a remand is appropriate and we believe the government, I'm not sure they clearly took a position in support of remand because we weren't able to agree on remand. But I believe that it's not legitimately or reasonably disputed that there's a basis for a remand here at this point. Your Honor, I would like to point out that in terms of the joint status report, the government has argued that there's some dispute over the diagnosis of diabetes type 2. And I just want to point out that there's no medical requirement. In fact, you can be diagnosed with both diabetes type 1 and type 2 at the same time. So that really is a red herring in this case. As I understand it, if the case is remanded, I guess the possibly, and we'd have to hear from the government, possibly the three issues were, number one, territorial waters were the ships in that area and that could probably pretty easily be determined. And then the question of diabetes type 2 or type 1 and then the question of the heart condition. Those seem to be the three door opening issues to get you into the presumption. Is that correct? Those would be the elements of the presumption. And I don't believe, I believe the board found, as a matter of fact, that in 2003, there's records in 2003 showing the diagnosis of type 2. There's also records showing a type 1 diabetes, but they're not mutually exclusive diagnoses. You can have both conditions. Well, a lot of time has passed. That diagnosis of type 2 diabetes has had no further attention since the initial raising it. And apparently the VA saying, I don't know what they said that they did or didn't accept the evidence at that point. There's been no further submission on as to what kind of diabetes it is. We believe it's resolved in the record that he has type 2 and type 1 diabetes, Your Honor. And so I don't know that we would need to address that any further. Furthermore, the board has already decided that issue and to go back behind a favorable finding effect. I don't know that there's any basis in the law to allow the government to do that at the board. Third, because there was a diagnosis of type 2 diabetes within the time of the claim, then that is sufficient to establish the elements for service connection. What happens if, for some reason, type 2 diabetes later went into remission? The VA could address that in terms of its rating or in a later reduction of rating should that be necessary. At Appendix 107, they say type 2. Yes, Your Honor. The board says it. Mr. Lawson testified to it that he had that diagnosis. I don't think there's any reasonable dispute that he had anything but a diagnosis of type 2 and type 1 diabetes. The government has also argued that Mr. Lawson has never raised a claim for presumption of Agent Orange exposure, and I would like to point out that's incorrect at Appendix 113. That's in his appeal. In his original 2009, well, in the original claim. Appendix 104, why do you think the VA decided my case incorrectly, and he hand wrote all that? Yes, and even before that, Your Honor, in Appendix 113, he asked if there was not sufficient information to grant him the presumption, he asked for a comp and pen exam to address the claim of direct exposure. Correct. So that issue is there, and even if it wasn't there, the board considered it reasonably raised because they addressed it in the decision. So Mr. Lawson meets all the bases for the exception to the law of the case doctrine, and Mr. Lawson asked the court to exercise its discretion considering two factors, and the first factor is factors involving the parties. The government has produced no reason, no less a compelling reason, why an immediate decision on the constitutional issue before the court on the question of direct exposure requires an immediate decision of the court. And put on the other side of that, the equities involving Mr. Lawson, he's a 72-year-old Vietnam veteran who's been fighting since before Haas was issued. A year before Haas was issued was when he filed his first claim, and he's continuously pursued it through the entire 12-year period. Now that he has an opportunity in light of Procopio to resolve that issue of presumptive service connection, there's no basis in the equities, and in terms of equity, Mr. Lawson asked the court to exercise its discretion to remand. I agree in light of Procopio, but I'm still concerned after the act of Congress and the guidelines issued by the VA, which says all you have to do if you're on this list is refile your claim, and you say that hasn't happened. I'm not aware if Mr. Lawson has filed his claim or has not filed his claim. We've reached out to find out. Is this something that you ordinarily would have been aware of in your relationship as counsel, or was this an independent action? I reached out to Mr. Lawson to find out, and I have not yet heard back. And I don't know the reason that I have not yet heard back. I typically do. But I don't know that his claim would even be adjudicated if he did file a supplemental claim at this point, because the stay is still in place at this time. I believe there was testimony before Congress just in the last three weeks about whether or not that stay should or should not stay in place. I don't know how this is all turning out. I did not see the issue in the legislation affecting Mr. Lawson's claim because I saw a more direct impact of Procopio requiring a remand, as it would have had he been at the court. I don't know what it looked to me as if what the VA was providing was a straightforward administrative procedure that would cut through all of this noise. I'm not aware that that's happening, and that was never, to my knowledge, offered to us by the government. Well, the government won't be able to tell us. All right, we'll find out. Preserve the remaining time for rebuttal. Thank you. Ms. Rose? Good morning, Your Honors. May I please the court? Is there a procedure in place at the VA now? A procedure in place?  That has a couple of components. There is a stay for newly filed or newly claims to reopen old claims that is in effect through January, at the beginning of January. But for cases that are remanded, they are currently being processed. Here we have two components. So what you're saying is we should remand it then? The government's position is that the presumptive theory should be remanded. However, the direct theory of service connection for Agent Orange exposure has been fully briefed, and the efficiencies would tend towards it being appropriate for the court now to affirm that piece of the opinion on the presumptive theory, but to remand for consideration of, excuse me, to affirm on the direct theory, but to remand on the presumptive theory of service connection. And the reason that we think that that's appropriate is because there is a large number of these cases that are going to be influxed. The VA is very overtaxed with this. Everything about the direct theory has been briefed. The arguments have been made. It's fully briefed before the court, and rather than having it go back to the VA, reconsidered by the board, reconsidered by the Veterans Court if needs be, we think it would be appropriate to affirm on the direct theory, but remand on the presumptive theory of service connection. What's the difference in his case? What's the difference? The difference is that he may or may not meet the requirements for presumptive service connection. If he does, then the direct theory. Does the government contest that he was on board the Hancock and the Von Ulm Richard? We do not contest that he was on board the Hancock and the Von Ulm Richard. Von Ulm Richard. Yeah, but there is still an unresolved question as to whether or not those ships were in the territorial waters as defined by Procopio, or more specifically in the offshore waters as defined by the- You're saying that's unknown, whether the ships were in the territorial waters? Surely that's known. Surely that's within the military records. It is within the military- Records as to whether they were or weren't, and I didn't see anywhere the VA saying no, they were not within the territorial waters during his short of duty. Well, first of all, remember that everything that was adjudicated below was before Procopio and the Blue Water Navy Act, so that wouldn't have been something that the VA would have addressed. So what was the vessel that Procopio served on?  I don't know what vessel Mr. Procopio served on. It's in the record? He stated the vessel? Are we talking about Mr. Lawson or- Oh, I'm sorry, Procopio. I don't know, but I do know that Mr. Lawson is claiming that his service on the USS Hancock, he was at Yankee Station in the Gulf of Tonkin. However, the Gulf of Tonkin is hundreds of miles wide. Yankee Station isn't within the waters as defined either under Procopio or under the Blue Water Navy Act, which would be the controlling act. So that's something that the process, the ship logs of the USS Hancock are currently being scanned along with massive effort to scan all of these ship logs, but we do know that Hancock's records specifically were midway through being scanned. What I can tell you is that some ships who went to Yankee Station went down into Danang Harbor, which would be within the offshore waters as defined by the Blue Water Navy Act, but not all ships did. And so there's a question that needs to be resolved, a question of fact that should go back to the VA as to whether or not he was in the waters. And if he was, certainly that's- It's not a question of Danang Harbor. It's a question of the 12-mile limit. Right, but that is the question. That is the open question, and it's not in the record, and it's something that the VA should decide in the first place. The government has no knowledge of whether its carriers were or were not in territorial waters? Your Honor, the government does have knowledge, but remember when we're looking at Mr. Lawson's record, none of these questions of Procopio and the Blue Water Navy Act had yet come up. This record was decided before the court's decision on Procopio and before Congress enacted the Blue Water Navy Act. You're saying, Ms. Rose, the questions that we're raising now were not relevant in the litigation below. But let me ask you, you said when you got up that we should affirm on the direct case before us and remand on the presumption question that's been opened up by Procopio, correct? Yes. But my understanding was in the briefs you're saying that we should dismiss the direct case for lack of jurisdiction because the question- Well, that's true. We have not weighed our- I don't know. It may make a difference. The question there was whether there was compliance with the duty to assist. Veterans Court said there was. My view is that whether or not there was compliance with that duty is an application of law to fact, that we don't have jurisdiction. So what if the situation is that we don't have jurisdiction over the direct case? Wouldn't it be better just to flat out remand? To the extent that Mr. Lawson can establish both that he was within the offshore waters as defined by Congress and that he has type 2 diabetes- And oral heart disease. Yes. His effective date would be the same because he's already submitted that claim and that provision was made. However, I will acknowledge, first of all, we haven't waived our jurisdictional argument. For Mr. Lawson, it would be most likely more expedient if it was remanded. And it would be to his benefit. Yes. If the case is remanded, he gets the benefit of expedited processing under the remand rules, but also he would not be affected by the state. The direct issue might just go away. It may. However, we do know, like I said, not every ship that went to Yankee Station would be considered within the offshore waters. So it may or may not. Certainly, if he was able to establish presumptive service connection, the direct service connection theory would be mooted. But you're saying the quickest way to get to what I'll call this Procopio issue would just be a flat remand. For Mr. Lawson, yes. And there are cases, I don't think they're precedential cases, but there are non-precedential cases of ours where we have just remanded without a reversal or a vacate. We've just said remand. And I think it's also contemplated in our operating procedures that it could be done. Frankly, I think the only really interesting question, factual question, is what happens when carriers engaged in operations against what was then North Vietnam enter into North Vietnamese waters, which are now, of course, DPRK territorial waters all up and down the coast. And what are the implications for Agent Orange contamination of the North Vietnamese waters as opposed to the South Vietnamese waters? Because at the time, they were two different countries. Well, the Blue Water Navy Act that was enacted by Congress in June has specific coordinates that will govern whether or not a specific service member is able to take advantage of the presumptive service connection. Again, the VA is undertaking a massive effort of scanning all of those ship's logs and plotting out the paths of those ships. And so, again, while we don't know, standing here on this record, whether or not the Hancock or the other ships that Mr. Lawson's have done were within those boundaries, that will be known soon. And to the extent that there's other questions about what happens with other waters, that's a matter for Congress and not this place. I misspoke. Ms. Rose, what, if you could just explain. I misspoke. I said DPRK. It's not North Korea. It's North Vietnam. Oh, I followed. Good correction. What is the situation exactly? Mr. Haggs referred to the stay in effect. If you could just tell me a little bit about what this stay is that's pending. The Blue Water and Navy Act says that the Secretary may stay pending cases until January. The Secretary did that. However, that wouldn't be at issue in a remand here because cases that are remanded from this court are not part of that stay. So the pending, the stay applies to pending cases, and pending cases is defined to exclude a case such as Mr. Lawson's. Correct. So it would apply to a case that's before an RO, a claim before an RO, but it would not apply to Mr. Lawson's claim that's being remanded. So in that case, there really is a question of duty to assist, and I still cannot understand how the duty of assist could have been met if the government refuses to say or confirm that these three tours of duty were or were not in territorial waters. It's easy enough to establish. Procopio did it with the logs. They wouldn't have established it for a specific ship. That would be a question of fact that would need to be resolved by the VA in the first instance, and no one is refusing to do that. The VA is, like I said, in the process of undertaking a massive effort of charting out the specific courses of these ships, and when it's done it will be deciding these cases with as much speed and efficiency as possible. Are there many people in Mr. Lawson's situation who aren't in the pending category but are in the category of cases previously decided that are now in litigation or before us? I don't know the exact numbers, but we can surmise that that would be a small number compared to the very large number of cases that will be new claims filed at the RO level seeking to reopen old decisions. If the court has nothing further, we recognize that the jurisdictional piece may make it difficult to... So this case has been pending for four years in the courts, and how many more years is it going to take for an answer to these simple questions now presented with the statute enacted? I don't know the timing. I do know that the VA is working very hard to meet the flood of claims that is before it, and it's not trying to slow anything down. It's just inundated with a lot of claims. Well, I mean, it's agency discretion in one sense, but on the other hand your obligation to the general field of blue water sailors out there is different than your obligation to a particular claimant whose records are available. I understand you want to just chart them all out and then plug it into a computer and be able to determine on the spot, but nevertheless you can still pull up those logs for the dates he served, and his discharge papers will show that, I believe, and then plot out the log. Yes, and those ship records are, as of yesterday, they have been, I think, at least 50% scanned. So that's a process that is not just underway but may have been finished. There is one alternative. You might provide them to counsel, too. If the VA is not willing to do it immediately, I imagine counsel could sit down and look at those things and see very quickly if they were within territorial waters. They show that. If the case is remanded, that's a request that he could make. Thank you, Your Honors. Thank you, Ms. Rice. Mr. Haddock? Mr. Lawson's first act on remand to the board should the court decide to remand would be A, to request the records from the VA, and then also to submit Freedom of Information Act requests to the National Archives and to the Department of the Navy to establish that. By doing so, he would moot the direct service connection issue on appeal at this court because he would receive the very records he complains of not receiving in this appeal. So even if there's a grant, whatever happens with the court remanding, that issue will go away. It seems like the government was saying that they have them and they've scanned them already and now they're trying to work the data. But if indeed that's true and they're scanned, it should be easy enough for you to get that stuff. I looked on National Archives. I know this is anecdotal, Your Honor, but I looked on the National Archives last night and the years that Mr. Lawson served were not in the electronic publicly available yet so we would still, as of now, need to make that request. The other concern I would have that I would just point out is, while I think that remand is the fastest relief for my client because it allows us to get access to those records individually, I know Mr. Procopio comes before this court next Friday again challenging the stay that is being applied too broadly to remanded cases and to new claims. So I think there's some confusion from both sides of the bar as to the scope of that stay. And certainly a remand would be the quickest way because it would allow myself or his attorney on remand to resolve the issue and moot the issue, frankly, before the court at this time. We ask that the court set aside the judgment of the Veterans Court or simply just remand the issue to the board to re-adjudicate the matter in light of the court's decision in Procopio. Thank you. Thank you. Thank you both. The case is under submission.